BRYAN, Justice
(concurring specially).
Richard Eugene Demouey was convicted of two counts of first-degree sexual abuse of a child under the age of 12, see § 13A-6-69.1, Ala.Code 1975, and one count of first-degree sodomy, see § 13A-6-63, Ala. Code 1975. Demouey was sentenced to 20 years’ imprisonment for the first-degree sodomy conviction and to 10 years’ imprisonment for each first-degree sexual-abuse conviction; the sentences were to be served concurrently. During the trial, the victim, who was 14 years old at the time of trial, was required to testify about the abuse Demouey subjected her to when she was only 11 years old. On motion of the State, the trial court closed the courtroom to all spectators during the victim’s testimony. On appeal to the Court of Criminal Appeals, Demouey’s convictions were overturned because the State had failed to make a showing on the record that a total closure of the courtroom met the requirements of the four-prong test set forth in Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).
The Court of Criminal Appeals throughly addressed the issue in its opinion, Demouey v. State, 202 So.3d 355 (Ala.Crim.App.2015), and I see no reason to delve into the specific requirements of Waller. Suffice it to say that it was the State’s burden, as the party moving to close the courtroom during the victim’s testimony, to ensure that the Waller requirements were met and to ensure that the trial judge was aware of each requirement so that any later obtained conviction would not be subject to reversal based on the failure to comply with Waller. Waller, 467 U.S. at 48. The State failed to do so, and, in faffing to do so, failed the victim in this case, a child who will now have to endure facing the defendant and reliving the abuse in a courtroom for a second time. I feel compelled to write specially to encourage the State, as strongly as possible, to ensure that the requirements of Waller are satisfied in the event the State requests a complete or partial closure of the courtroom when Demouey is retried. See Ex parte Easterwood, 980 So.2d 367 (Ala.2007).